UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-013-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARCO MARCELLE GIVENS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Defendant Marco Marcelle Givens pleaded guilty in August 2018 to one count of possessing a firearm after being convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1). [Record No. 31] He is currently serving a 78-month term of imprisonment. [Record No. 36] Givens recently filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 38] In support, he argues that his health conditions put him at risk for COVID-19. He seeks to be released allegedly to receive proper medical care. [*Id.*] Givens also requests appointment of counsel. [*Id.*] Thirty days have passed since Givens requested compassionate release from his warden, so this motion meets the procedural requirements for seeking relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Title 18 of the United States Code, section 3582(c)(1)(A), provides:

the court, upon motion of the Director of the Bureau of Prisons or upon motion
of the defendant after the defendant has fully exhausted all administrative rights
to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's
behalf or the lapse of 30 days from the receipt of such a request by the warden
of the defendant's facility, whichever is earlier, may reduce the term of

- 1 -

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements found in Section 1B1.13 of the United States Sentencing Guidelines define "extraordinary and compelling reasons" as follows:

(A)     Medical Condition of the Defendant—
        (i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
        (ii)     The defendant is—
            (I)     suffering from a serious physical or medical condition,
            (II)     suffering from a serious functional or cognitive impairment, or
            (III)     experiencing deteriorating physical or mental health because of the aging process,
            that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B)     Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C)     Family Circumstances –
        (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.
        (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D)     Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Givens has failed to demonstrate that compassionate release is warranted under the circumstances he presents.  His motion lists six "morbidities" and identifies current medications, but he offers no documentation.  [Record No. 38, at p. 3]  Givens has not established that his various conditions, individually or together, constitute a terminal illness or a serious medical or physical condition that substantially limits his ability to provide self-care. Further, he has offered no documentation showing he is at an increased risk for COVID-19 and its effects.  *See United States v. Cundiff*, No. 5: 15-106-DCR, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020) (citing United *States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission")).

Additionally, the Court declines to appoint counsel.  "No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582."  *United States v. Clark*, No. 6: 07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)).  Although discretionary with the Court, appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record."  *Id.*  As outlined above, the record in this case is sufficient to resolve the issue presented by Givens.

Accordingly, it is hereby

**ORDERED** that Defendant Marco Givens' motion for compassionate release and his request for appointment of an attorney [Record No. 38] are **DENIED**.

Dated:  September 11, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky